AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Southern District of California

| | FILED |
|---|---|
| | Mar 21 2024 |
| | CLERK, U.S. DISTRICT COURT |
| | SOUTHERN DISTRICT OF CALIFORNIA |
| | BY          s/ carolinalopez          DEPUTY |

In the Matter of the Search of

*(Briefly describe the property to be searched
or identify the person by name and address)*

White Samsung Cellphone
Model: Galaxy A13
IMEI: 352460881855928

)
)
)
)
)
)

Case No.    24-mj-08246-LR

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-3, incorporated herein by reference.

located in the _____ Southern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 8 USC 1324 | Transportation of Illegal Aliens |

The application is based on these facts:

See Attached Affidavit of Border Patrol Agent Fernando Quiroz incorporated herein by reference.

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Border Patrol Agent Fernando Quiroz
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means)*.

Date: _____ 3/20/2024 _____

_____
*Judge's signature*

City and state:  El Centro, California

HON. LUPE RODRIGUEZ JR., U.S. MAGISTRATE JUDGE
*Printed name and title*

## ATTACHMENT A-3
### PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-3**:          White Samsung Cellphone
                  Model: Galaxy A13
                  IMEI: 352460881855928
                  Seized from Adrian MARTINEZ-Flores
                  **(Target Device #3)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## **ATTACHMENT B**

### ITEMS TO BE SEIZED

Authorization to search the mobile telephones described in Attachments A-1 to A-4 include the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Devices for evidence described below.

The evidence to be seized from the mobile telephones will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of February 23, 2024, up to and including March 8, 2024, and is limited to the following:

a.   tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

b.   tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, and/or phone numbers that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

c.   tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

d.   tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

e.   tending to identify the user of, or persons with control over or access to, the Target Device;

f.   tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.

### AFFIDAVIT

I, Fernando Quiroz, United States Border Patrol Agent, having been duly sworn, depose and state as follows:

### INTRODUCTION

1.     I submit this affidavit in support of an application for warrant(s) to search the following electronic device(s):

**A-1:**            Mint Green Apple iPhone
                   Model: 11
                    FP&F-No.2024255200001501,ITEM#2
                   Seized from Austyn Nicole BAKER
                   **(Target Device #1)**

**A-2:**            Pink Apple iPhone
                   Model: 8 Plus
                    FP&F-No.2024255200001501,ITEM#3
                   Seized from Dante Joel VERDUZCO
                   **(Target Device #2)**

**A-3:**            White Samsung Cellphone
                   Model: Galaxy A13
                   IMEI: 352460881855928
                   Seized from Adrian MARTINEZ-Flores
                   **(Target Device #3)**

**A-4:**            Black Samsung Cellphone
                   Model: Galaxy A01
                   IMEI: 355620112274846
                   Seized from Martin Guillermo MARTINEZ-Flores
                   **(Target Device #4)**

as further described in Attachments A-1 to A-4, and to seize evidence of a crime, specifically, violations of Title 8, United States Code, Section 1324 (Alien Smuggling), as further described in Attachment B.

2.     The requested warrant relates to the investigation and prosecution of Austyn Nicole BAKER (BAKER) and Dante Joel VERDUZCO (VERDUZCO) for transportation of illegal aliens Adrian MARTINEZ-Flores (MARTINEZ) and Martin Guillermo

1

MARTINEZ-Flores (MARTINEZ-Flores) (collectively, the "Material Witnesses") in violation of Title 8 U.S.C. § 1324 within the Southern District of California. The Target Devices were seized from BAKER, VERDUZCO and the Material Witness on or about March 7, 2024, incident to the arrest of BAKER, VERDUZCO, and the Material Witnesses. The Target Devices are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

3.     Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of the application for a search warrant, it does not set forth every fact that I, or others, have learned during the course of this investigation. The information contained in this Affidavit is based upon my personal observations and knowledge, my review of various official reports, and upon conversations with other Border Patrol Agents.  Dates and times are approximate.

## EXPERIENCE AND TRAINING

4.     I am a United States Border Patrol Agent with the Department of Homeland Security, Customs and Border Protection, United States Border Patrol ("USBP"). I have been employed as a full-time, sworn federal BPA with the USBP since June 4, 2007, and graduated from the USBP Basic Border Patrol Training Academy located in Artesia, New Mexico. The Border Patrol Academy curriculum covers specialized training in the Immigration and Naturalization Act (INA), training in Titles 8,18, 19, 21 and 31 of the United States Code, criminal law, and statutory authority.

5.     I am currently assigned to the El Centro Sector Prosecutions Unit. The El Centro Sector Prosecutions Unit is tasked with the responsibility of investigating and prosecuting alien smuggling organizations that utilize the Southern and Central Districts of California as an operational corridor. In the course of my duties as a Border Patrol Agent, I investigate and prepare cases for prosecution against persons involved in the inducement of the illegal entry of undocumented aliens into the United States; the smuggling of

undocumented aliens into the United States; and the transportation and harboring of undocumented aliens within the United States.

6.     Through the course of my training, investigations, and conversations with other law enforcement personnel, I have gained a working knowledge of the operational habits of alien smugglers and alien transporters, those who attempt to smuggle aliens into the United States from Mexico and transport them throughout the Southern District of California.  I am aware that it is a common practice for alien smugglers to work in concert with other individuals and to do so by utilizing cellular telephones to maintain communications with co-conspirators and/or illegal aliens in order to further their criminal activities.  Because they are mobile, the use of cellular telephones permits alien smugglers and transporters to easily carry out various tasks related to their smuggling activities, including, *e.g.*, remotely monitoring the progress of the aliens while the aliens are in transit, providing instructions to transporters, guiding aliens to specific pick up locations, warning accomplices about law enforcement activity in the area and the status of check-point operations, and communicating with co-conspirators who guide aliens, coordinate drop off locations, and/or operate alien stash houses.

7.     The smuggling of aliens generates many types of evidence, including, but not limited to, cellular phone-related evidence such as voicemail messages referring to the arrangements of travel, names, photographs, text messaging (via SMS or other applications), and phone numbers of co-conspirators and illegal aliens.  For example, drivers and passengers responsible for transporting illegal aliens are typically in telephonic contact with co-conspirators immediately prior to and/or following the crossing of the illegal aliens at the border, at which time they receive instructions, including where to pick-up the illegal aliens for transportation into the United States and where to take the illegal aliens after crossing into the United States. These communications may also include locations for delivery to stash houses and/or sponsors.  Illegal aliens also are typically in telephonic contact with co-conspirators prior to and following their crossing in order to

make smuggling arrangements, receive instructions, and report their locations after crossing.

8.      Based upon my training, experience, and consultations with law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I know that cellular telephones (including their Subscriber Identity Module (SIM) card(s)) can and often do contain electronic evidence, including, for example, phone logs and contacts, voice and text communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data. In particular, in my experience and consultation with law enforcement officers experienced in alien smuggling investigations, I am aware that individuals engaged in alien smuggling may store photos and videos on their cell phones that reflect or show co-conspirators and associates engaged in alien smuggling, as well as images and videos with geo-location data identifying alien smuggling transportation routes, and communications to and from recruiters and organizers.

9.      This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. Specifically, searches of cellular telephones may yield evidence:

a.      tending to indicate efforts to smuggle aliens from Mexico into the United States;

b.      tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate alien smuggling and transportation of smuggled aliens;

c.      tending to identify co-conspirators, criminal associates, or others involved in alien smuggling, or transportation of smuggled aliens;

d.      tending to identify travel to or presence at locations involved in the smuggling, transportation, or harboring of illegal aliens, such as stash houses, load houses, or delivery points;

e.      tending to identify the user of, or persons with control over or access to, the Target Device(s); and/or

f.   tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

**FACTS SUPPORTING PROBABLE CAUSE**

10.   On March 7, 2024, Border Patrol Agents - Intelligence assigned to the El Centro Sector Intelligence Anti-Smuggling Unit Group#2 (ASU) were conducting surveillance in Calexico, California. At approximately 4:35 p.m., the Remote Video Surveillance System Operator (V1) observed three individuals climb up the United States/Mexico International Boundary Fence (IBF), scale down the IBF into the United States and begin walking north. While ASU Agents were positioned along Highway 98, V1 watched as one of the three individuals walked back to the IBF, climbed the IBF, and scaled back down the IBF into Mexico while the other two individuals began travelling in a northeast direction away from the IBF towards Highway 98. V1 continued to watch the individuals as they walked towards a tree line, located just west of the solar panel field, and attempted to conceal themselves in the tree line. While the two individuals remained in the tree line, a Customs and Border Protection helicopter (Troy) arrived on scene and assisted with surveillance from above.

11.   Both V1 and Troy watched as the two individuals emerged from the tree line, continued walking in a northeast direction towards a solar panel field, climbed over a chain link fence, walked north through the solar panel field, and concealed themselves under the last row of solar panels. Both V1 and Troy continued to monitor the two individuals as they remained under the last row of solar panels.

12.   After approximately ten minutes, the two individuals exited the solar panel field by climbing over the chain link fence and continued travelling north towards Highway 98. As the two individuals continued travelling north through the desert terrain, V1 and the Mobile Surveillance Capabilities operator (MSC) continued to monitor the two individuals. V1 and MSC kept constant visual on the two individuals as they walked to Highway 98, ran across Highway 98, and concealed themselves in the brush on the northside of Highway

98. At this time, Border Patrol Agent (BPA) R. Daniels was positioned on the northside of Highway 98, approximately fifty yards east of where the two individuals were concealing themselves.

13.     As the individuals concealed themselves, V1, MSC and BPA R. Daniels watched as a Nissan Sentra (Nissan) bearing California license plates travelled eastbound towards the two individuals, slowed down, pulled over and came to a complete stop. As the Nissan came to a complete stop, both individuals emerged from the northside of Highway 98, ran to the Nissan and entered the rear passenger seat of the Nissan. As both individuals, later identified as Adrian MARTINEZ-Flores (MARTINEZ) and Martin Guillermo MARTINEZ-Flores (MARTINEZ-Flores) entered the Nissan, the Nissan merged back onto the eastbound lanes of Highway 98 and continued travelling eastbound towards the city of Calexico, California. As the Nissan continued travelling eastbound, ASU Agents who were positioned in the area caught up to the Nissan and positioned their unmarked service vehicles behind the Nissan.

14.     As the Nissan approached Brockman Road, Border Patrol Agent-Intelligence (BPA-I) L. Heipt activated the emergency lights and sirens of his unmarked service vehicle in order to conduct a vehicle stop on the Nissan and perform an immigration inspection on all occupants inside of the Nissan. After activating the emergency lights and sirens, the Nissan continued travelling at the same rate of speed. The Nissan continued travelling eastbound towards Corda Road and did not slow down or attempt to pull over. As the Nissan continued travelling eastbound, it accelerated its speed to approximately 105 miles per hour. At this time, it became evident that the Nissan was failing to yield to the lights and sirens of BPA-I L. Heipt's service vehicle. While BPA-I L. Heipt continued to pursue the Nissan, the Nissan continued to evade BPA-I L. Heipt and additional ASU Agents and El Centro Border Patrol Agents joined in the pursuit, all with their emergency lights and sirens activated. The Nissan continued to evade all pursuing Agents and continued travelling toward BPA-I H. Torres and BPA-I A. Tapia. As the Nissan approached Corda

Road, BPA-I A. Tapia and BPA-I H. Torres successfully deployed Vehicle Immobilization Devices and all four tires were successfully immobilized.

15.     As the Nissan approached Ferrell Road with four tires completely deflated, the Nissan swerved into the loose gravel and dirt located on the southside of Highway 98. As the Nissan continued to travel eastbound at a slower rate of speed, ASU Agents observed the rear passenger side door open. ASU Agents then watched as MARTINEZ and MARTINEZ-Flores jumped out of the rear passenger side door while the vehicle was still in motion and ran southbound towards a solar panel security fence. Both MARTINEZ and MARTINEZ-Flores were apprehended and secured by Supervisory Border Patrol Agent (SBPA) K. Bianchini.  SBPA K. Bianchini identified himself as a BPA and determined that MARTINEZ and MARTINEZ-Flores were citizens of Mexico present in the United States illegally.  MARTINEZ and MARTINEZ-Flores admitted that they made the illegal entry by climbing the border fence in an area other than through a designated Port of Entry. MARTINEZ and MARTINEZ-Flores were placed under arrest.

16.     After the Nissan continued travelling eastbound on the loose dirt, it was evident that the Nissan was attempting to merge back onto Highway 98 and abscond from the area but was unsuccessful in doing so due to all four tires being deflated. After unsuccessfully attempting to continue to evade Agents, the Nissan came to a complete stop. BPA-I L. Heipt and BPA R. Daniel approached the Nissan with Border Patrol markings and insignia fully visible and identified themselves as Border Patrol Agents to the driver, later identified as BAKER, and the front seat passenger, later identified as VERDUZCO. BAKER was questioned as to her citizenship and stated she is a United States Citizen. VERDUZCO was questioned as to his citizenship and stated he is a United States Citizen. BAKER and VERDUZCO were placed under arrest and were transported to the Calexico Border Patrol Station for processing.

17.     Material Witness MARTINEZ stated he is a citizen of Mexico and does not have any legal documents allowing him to live, work or remain in the United States legally. MARTINEZ stated he made arrangements with an "Unknown Smuggler" while in his

hometown.   MARTINEZ stated that he agreed to pay $12,000 USD to be illegally smuggled into the United States. MARTINEZ stated his destination was Concord, California to work.   MARTINEZ stated on today's date, he crossed in the desert area and illegally entered the United States by climbing over border fence with the assistance of the smugglers.   MARTINEZ stated they were instructed to go towards a road but had to cross a Solar Panel area.   MARTINEZ stated he was in contact with the smuggler in Mexico via his cell phone for instructions and once they reached the road, a sedan made a U-turn and stopped on the shoulder of the road.   MARTINEZ stated they boarded the backseat of the sedan and gave them their cell phones.   MARTINEZ stated he observed a female driver and a male passenger.   MARTINEZ stated the sedan started driving fast and did not stop for the emergency lights and someone punctured the tires of the sedan and the sedan kept driving.   MARTINEZ stated they were told to jump out of the vehicle while driving but did not jump out until the sedan stopped.

18.   Material Witness MARTINEZ-Flores stated he is a citizen of Mexico. MARTINEZ-Flores stated that he does not have any legal documents allowing him to live, work or remain in the United States legally.   MARTINEZ-Flores stated he made arrangements with an "Unknown Smuggler" while in his hometown. MARTINEZ-Flores stated that he agreed to pay $13,000 USD to be illegally smuggled into the United States and his destination was San Francisco, California to work.   MARTINEZ-Flores stated on today's date, they were taken to the border fence by unknown smugglers, and he illegally entered the United States today by climbing over border fence with the assistance of the smugglers.   MARTINEZ-Flores stated they were instructed to go towards a road but had to cross a Solar Panel area.   MARTINEZ-Flores stated his brother was in contact with the smuggler in Mexico via his cell phone and receiving instructions until they reached the road and a sedan stopped on the shoulder of the road.   MARTINEZ-Flores stated they boarded the backseat of the sedan and gave them their cell phones.   MARTINEZ-Flores stated he observed a female driver and a male passenger.   MARTINEZ-Flores stated the sedan started driving fast and did not stop for the emergency lights. While driving, someone

punctured the tires of the sedan and the sedan kept driving. MARTINEZ-Flores stated they were told to jump out of the vehicle while driving but did not jump out until the sedan stopped.

19.     During a search incident to arrest of BAKER, VERDUZCO and the Material Witnesses, four cellphones were found. BPA J. Avina found a mint green Apple iPhone (Target Device #1) on BAKER's person and BAKER claimed ownership of this cellphone. One pink Apple iPhone (Target Device #2) was found on VERDUZCO's person by BPA J. Avina and VERDUZCO claimed ownership of this cellphone. SBPA K. Bianchi found a white Samsung cellphone (Target Device #3) on Adrian MARTINEZ-Flores' person and MARTINEZ-Flores claimed ownership of this cellphone. One black Samsung cellphone (Target Device #4) was found on Martin MARTINEZ-Flores' person and Martin MARTINEZ-Flores claimed ownership of this cellphone.  BAKER, VERDUZCO, Adrian MARTINEZ-Flores and Martin MARTINEZ-Flores all claimed ownership of their respective cellphones and they were seized as evidence.

20.     I am aware that smuggling conspiracies require planning to successfully evade detection by law enforcement.  In my professional training and experience, this may require planning and coordination in the days and weeks prior to the event.  Additionally, co-conspirators are often unaware of the subject's arrest and will continue to attempt to communicate with the subject after the arrest to determine their whereabouts.  Given this, I respectfully request permission to search the Target Devices for data beginning on February 23, 2024, up to and including March 8, 2024, the day after the arrest of BAKER, VERDUZCO and the Material Witnesses.

## METHODOLOGY

21.     It is not possible to determine merely by knowing the cellular telephone's make, model and serial number, the nature, and types of services to which the device is subscribed, and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants, and have functions such as calendars and full address books,

and can be minicomputers allowing for electronic mail services, web services, and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode," which disables access to the network.  Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and, instead, store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

22.    Following the issuance of this warrant, a case agent familiar with the investigation will collect the Target Devices and subject them to analysis. All forensic analysis of the data contained within the telephones, and their memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

23.    Based on the foregoing, identifying, and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this Court.

/ /

/ /

/ /

**CONCLUSION**

24.    Based on all the facts and circumstances described above, I believe that probable cause exists to conclude that BAKER, VERDUZCO and the Material Witnesses used the Target Devices to facilitate the offense of alien smuggling. The Target Devices likely were used to facilitate the offense by transmitting and storing data, specifically that described in Attachment B, which constitutes evidence of violations of Title 8, United States Code, Section 1324. I also believe that probable cause exists to believe that evidence of illegal activity committed by BAKER, VERDUZCO, the Material Witnesses, and others continues to exist on the Target Devices. Therefore, I respectfully request that the Court issue this warrant.

I swear the foregoing is true and correct to the best of my knowledge and belief.

_____
Fernando Quiroz Border Patrol Agent
United States Border Patrol

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 20th day of March, 2024.

_____    4:09 p.m.
HON. LUPE RODRIGUEZ, JR.
UNITED STATES MAGISTRATE JUDGE

11

## <u>ATTACHMENT A-1</u>
PROPERTY TO BE SEARCHED

The following property is to be searched:

<u>**A-1:**</u>        Mint Green Apple iPhone
Model: 11
FP&F-No.2024255200001501,ITEM#2
 Seized from Austyn Nicole BAKER
**(Target Device #1)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-2
PROPERTY TO BE SEARCHED

The following property is to be searched:


**A-2:**         Pink Apple iPhone
            Model: 8 Plus
            FP&F-No.2024255200001501,ITEM#3
             Seized from Dante Joel VERDUZCO
            **(Target Device #2)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-3
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-3:**           White Samsung Cellphone
Model: Galaxy A13
IMEI: 352460881855928
Seized from Adrian MARTINEZ-Flores
**(Target Device #3)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## ATTACHMENT A-4
PROPERTY TO BE SEARCHED

The following property is to be searched:

**A-4:**　　　　　Black Samsung Cellphone
　　　　　　　　Model: Galaxy A01
　　　　　　　　IMEI: 355620112274846
　　　　　　　　Seized from Martin Guillermo MARTINEZ-Flores
　　　　　　　　**(Target Device #4)**



The **Target Devices** are currently in the possession of the Department of Homeland Security, El Centro Border Patrol Sector Asset Forfeiture Office, 211 West Aten Road, Imperial, California 92251, and located in the evidence room of that office.

## **ATTACHMENT B**

ITEMS TO BE SEIZED

Authorization to search the mobile telephones described in Attachments A-1 to A-4 include the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the Target Devices for evidence described below.

The evidence to be seized from the mobile telephones will be electronic records, communications, and data, such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data limited to the time period of February 23, 2024, up to and including March 8, 2024, and is limited to the following:

a.   tending to reflect planning of and/or involvement in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

b.   tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, and/or phone numbers that may contain electronic evidence tending to indicate efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

c.   tending to identify co-conspirators, criminal associates, or others involved in efforts to bring illegal aliens into the United States from Mexico and transport them within the United States;

d.   tending to identify travel to or presence at locations involved in efforts to smuggle illegal aliens into and through the United States;

e.   tending to identify the user of, or persons with control over or access to, the Target Device;

f.   tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which is evidence of the transportation of illegal aliens in violation of 8 U.S.C. § 1324.